WYNN M. STEPHENS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stephens v. Commissioner
Docket No. 17301-83.
United States Tax Court
T.C. Memo 1987-196; 1987 Tax Ct. Memo LEXIS 190; 53 T.C.M. (CCH) 607; T.C.M. (RIA) 87196; April 13, 1987. Wynn M. Stephens, pro se. George E. Gasper, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: SECTION 6651(a) [1]
SECTION 6653(a)
SECTION 6654
YEAR
DEFICIENCY
ADDITION TO TAX
ADDITION TO TAX
ADDITION TO TAX
1978
$2,034.12
$432.64
$101.71
$52.95 1979
3,411.82
0
170.59
0
1980
4,571.04
0
228.55
0
At trial, respondent's oral motion to dismiss for lack of prosecution was granted. The only issue remaining is whether the United States should be awarded damages pursuant to section 6673. For convenience, our findings of fact and opinion have been consolidated. *191 Petitioner, W.M. Stephens, resided in Slaton, Texas, at the time he filed his petition herein. His petition alleges that the Internal Revenue Code is unconstitutional, that wages are not income, that wages earned by a married person while a resident of Texas are not income, and that a deduction for wages not earned is proper. We have on numerous occasions held that the Internal Revenue Code is constitutional, that wages are income, and that arguments to the contrary are frivolous. See , and cases cited therein. In , a case involving the taxpayer presently before the Court, we held that the wages earned by petitioner were income against his argument that wages earned by married residents of Texas, a community property state, were not income. With respect to the deduction of unearned wages, we stated: It is well established in the law that a taxpayer is not entitled to deduct as a loss, or on any other basis, wages or salary that he could have earned had he been employed. [Footnote reference omitted.] Since we have already decided these issues against *192 petitioner and frankly did not then consider them to have merit as is illustrated by our brief opinion, we hold that these arguments are also frivolous. See (Tax Court did not abuse its discretion in awarding damages pursuant to section 6673 where taxpayer maintained positions previously litigated unsuccessfully). Section 6673 authorizes this Court to award damages to the United States whenever it appears that a taxpayer's position is frivolous or groundless. Petitioner's positions are frivolous. Accordingly, we hold that the United States is entitled to damages pursuant to section 6673 in the amount of $1,000. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.↩